**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff/Respondent,**<br><br>**v.**<br><br>**EARLY WILLARD WOODMORE, III,**<br><br>**Defendant/Petitioner.** | **Case No. 20-CR-004-JFH-2**[1]<br>**Case No. 25-CV-420-JFH** |

**<u>OPINION AND ORDER</u>**

Before the Court is Defendant/Petitioner Early Willard Woodmore, III's ("Petitioner") Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion to Vacate"). Dkt. No. 984. In his Motion to Vacate, Petitioner seeks to vacate the Court's Order and Judgment [Dkt. Nos. 982, 983] dismissing his Motion for Relief under 28 U.S.C. § 2255 ("Original § 2255 Motion") [Dkt. No. 926], along with his subsequent Amendments to his Original § 2255 Motion [Dkt. Nos. 968, 973, 981]. For the following reasons, his Motion is DENIED.

**BACKGROUND**

Petitioner's judgment of conviction became final on July 17, 2025, and his deadline to move for relief under 28 U.S.C. § 2255(f) was July 17, 2026. Dkt. No. 982. Petitioner timely filed his Original § 2255 Motion on November 18, 2025. Dkt. Nos. 926, 926-1. However, he filed an amendment to his Original § 2255 Motion on August 14, 2026 ("First Amendment"). Dkt. No. 968. He filed a second amendment on August 28, 2026 ("Second Amendment"). Dkt. No. 973. Then, he filed a "Motion to Withdraw All Claims Originally Filed on 2255 And Motion for Immediate Release And to Entertain Only Amended Claims of 2255" on August 31, 2026 ("Motion

[1] All citations to docket entries will reflect docket entries in case number 20-CR-004-JFH-2.

to Withdraw"). Dkt. No. 975. Finally, he filed a third amendment on October 6, 2026 ("Third Amendment"). Dkt. No. 981.

On October 13, 2026, the Court entered an Order addressing all of these motions and amendments. Dkt. No. 982. In doing so, the Court expressly found that his First, Second, and Third § 2255 Amendments were filed outside his one-year deadline and did not relate back to his Original § 2255 Motion under Fed. R. Civ. P. 15. Accordingly, the Court dismissed his First, Second, and Third Amendments as untimely.

Next, the Court noted that Petitioner had previously moved to withdraw his claims in his Original § 2255 Motion and proceed only on his Amendments. However, because Petitioner filed his Motion to Withdraw prior to the Court ruling on his Amendments, Petitioner did not have the benefit of knowing that his Amendments would be dismissed. So, the Court denied Petitioner's Motion to Withdraw, which would have forfeited his only remaining claims.

Nevertheless, after the Court analyzed his Original § 2255 Motion, the Court found those remaining, timely claims to be meritless. Accordingly, the Court denied Petitioner's Original § 2255 Motion and entered Judgment against him. Petitioner moves to vacate that Order and Judgment pursuant to Rule 59(e).

## ANALYSIS

"Under Rule 59(e), a party may move the court 'to alter or amend a judgment' within 28 days after the entry of judgment." *ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (quoting Fed. R. Civ. P. 59(e)). "A Rule 59(e) motion 'is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.' " *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). This includes reconsideration based on "(1) an intervening change in the controlling law, (2) new evidence

previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. But such motions " 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008)).

Here, Petitioner argues that the Court erred when it found that his Amendments were untimely. Dkt. No. 984 at 3. In support, he argues that Fed. R. Civ. P. 15 did not require the Amendments to "relate back to the initial issues raised" in his Original § 2255 Motion. *Id.* at 5. Petitioner is incorrect—amendments to § 2255 motions filed beyond § 2255(f)'s one-year limitations period are untimely unless they relate back to the date of the original pleading. *See United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019). Petitioner also contends that the Court should have granted his Motion to Withdraw. But this is premised on his mistaken belief that his Amendments did not need to relate back. Had the Court granted his Motion to Withdraw, his Amendments would have still been untimely and dismissed. Accordingly, Petitioner provides no justification to vacate the Court's Order and Judgment.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate under Rule 59(e) [Dkt. No. 984] is DENIED.

Dated this 3rd day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE